**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARIA UMALA and ALICIA BATISTA,
*on behalf of themselves,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

v.

SKYLIGHT HOLDINGS INC.
    d/b/a COMPARE FOODS,
SKYLIGHT HOLDINGS 2 INC.
    d/b/a MARKET PLACE BY KEY FOOD,
SKYLIGHT HOLDINGS 4 INC.
    d/b/a FOOD UNIVERSE,
PEDRO GOICO and JUAN PEREZ,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff MARIA UMALA and Plaintiff ALICIA BATISTA ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against SKYLIGHT HOLDINGS INC. d/b/a COMPARE FOODS, SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE BY KEY FOOD, SKYLIGHT HOLDINGS 4 INC. d/b/a FOOD UNIVERSE, ("Corporate Defendants")

1

and PEDRO GOICO and JUAN PEREZ ("Individual Defendants," and together with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3. Plaintiff MARIA UMALA further alleges, pursuant to 29 U.S.C. § 215(a)(3) and NYLL § 215(1)(a)(i), that due to Defendants' retaliation against her, she is entitled to recover from Defendants: (1) compensatory damages, (2) punitive damages, (3) attorneys' fees and costs, and all other penalties the Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff MARIA UMALA, for all relevant time periods, was a resident of Queens County, New York.

7. Plaintiff ALICIA BATISTA, for all relevant time periods, was a resident of Queens County, New York.

8. Defendants own and operate supermarkets at the following locations with the following trade names:

    (a) Compare Foods – 312 East 194th, Ground Floor, Bronx, NY 10458;

    (b) Market Place by Key Food – 617 Fifth Avenue, Ground Floor, Brooklyn, NY 11215; and

    (c) Food Universe – 34-14 Steinway Street, Ground Floor, Long Island City, NY 11101 (together, the "Supermarkets").

The Supermarkets are or were engaged in related activities, shared common ownership and had a common business purpose. The Supermarkets are commonly owned through the common control of the Individual Defendants. The Supermarkets contain the common phrase "Skylight Holdings" within their business names, share a common look and feel and serve similar supermarket items. In addition, employees work interchangeably between the Supermarkets.

9. Corporate Defendant SKYLIGHT HOLDINGS INC. d/b/a COMPARE FOODS, is a domestic business corporation organized under the laws of the State of New York with an address for service of process at 16 DEKALB AVENUE, BRENTWOOD, NEW YORK 11717 and a principal place of business located at 312 EAST 194TH, BRONX, NY 10458.

10. Corporate Defendant SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE BY KEY FOOD, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 617 FIFTH AVENUNE, BROOKLYN, NEW YORK 11215.

11. Corporate Defendant SKYLIGHT HOLDINGS 4 INC. d/b/a FOOD UNIVERSE is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 34-14 STEINWAY STREET, LONG ISLAND CITY, NEW YORK 11101.

12. Individual Defendant JUAN PEREZ is an owner and principal of the Corporate Defendants SKYLIGHT HOLDINGS INC., SKYLIGHT HOLDINGS 2 INC., and SKYLIGHT HOLDINGS 4 INC. Defendant JUAN PEREZ exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant JUAN PEREZ frequently visits each of the Supermarkets. He exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Supermarkets could complain to Defendant JUAN PEREZ directly regarding any of the terms of their employment, and Defendant JUAN PEREZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JUAN PEREZ had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

13. Individual Defendant PEDRO GOICO is an owner and principal of Corporate Defendant SKYLIGHT HOLDINGS 4 INC. Defendant PEDRO GOICO exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant PEDRO GOICO frequently visits the Supermarket. He exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and

4

method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Supermarket could complain to Defendant PEDRO GOICO directly regarding any of the terms of their employment, and Defendant PEDRO GOICO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant PEDRO GOICO had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

14. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

16. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the FLSA and NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cashiers, stock clerks, cleaners, porters, and baggers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

20. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to cashiers, stock clerks, cleaners, porters, and baggers, among others), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable,

6

and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over

8

any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and Class members;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

    d) Whether Defendants properly compensated Plaintiffs and Class members for all hours worked under state and federal law;

    e) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

    f) Whether Defendants provided to Plaintiffs and Class members annual wage notices, as required under the NYLL; and

    g) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

29. Plaintiff MARIA UMALA

    (a) On or about June 15, 2018, Plaintiff MARIA UMALA was hired by Defendants to work as a cashier at Defendants' FOOD UNIVERSE located at 34-14 Steinway Street, Long Island City, NY 11101. In or around August

2019, Plaintiff was terminated from her position at Defendants' FOOD UNIVERSE.

(b) Throughout her employment by Defendants, Plaintiff UMALA was scheduled to work from 8:00am to 4:00pm, six (6) days per week, for approximately forty eight (48) hours per week. Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break every day. However, at least twice a week, Plaintiff was required to work through her break but Defendants deducted thirty (30) minutes for a meal break even though Plaintiff clocked out for her break. Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one (1) hour per week. Similarly, FLSA Collective Plaintiffs and Class members were also required to clock out and work through their meal breaks.

(c) Furthermore, Plaintiff UMALA was required to clock out at the end of her shift, but was then required to continue working until the next shift's cashier arrived. On average, Plaintiff was required to stay for one (1) hour, twice a week. Plaintiff was not paid for such hours worked and as a result was time-shaved two (2) hours per week. Similarly, FLSA Collective Plaintiffs and Class members were also required to work after their shift ended.

(d) From the start of her employment until December 31, 2018, Plaintiff UMALA was compensated at a rate of fourteen dollars and fifty cents ($14.50) per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of twenty one dollars and seventy five cents ($21.75) for hours worked over forty (40) hours per week. From January 1, 2019 until in or around

August 2019, Plaintiff was compensated at a rate of fifteen ($15) dollars per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of twenty two dollars and fifty cents ($22.50) for hours worked over forty (40) hours per week.

30. Plaintiff ALICIA BATISTA

(a) On or about August 26, 2018, Plaintiff BATISTA was hired by Defendants to work as a cashier at Defendants' FOOD UNIVERSE located at 34-14 Steinway Street, Long Island City, NY 11101. Plaintiff BATISTA continued to work at Defendants' FOOD UNIVERSE until she was terminated on or about August 19, 2019.

(b) From the start of her employment with Defendants until May 31, 2019, Plaintiff BATISTA was scheduled to work from 3:00pm to 10:00pm for five (5) days per week, for approximately thirty five (35) hours per week. From June 1, 2019 until on or about August 19, 2019, Plaintiff was scheduled to work from 3:00pm to 10:00pm for three (3) days per week, for approximately twenty one (21) hours per week. Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break. However, at least twice a week, Plaintiff was required to work through her break, but Defendants deducted thirty (30) minutes for a meal break even though Plaintiff clocked out for her break. Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one (1) hour per week. Similarly, FLSA Collective Plaintiffs and Class members were also required to clock out and work through their meal breaks.

11

(c) Furthermore, Plaintiff BATISTA was required to clock out at the end of her shift, but was then required to continue until the next shift's cashier arrived. On average, Plaintiff was required to stay for one (1) hour, twice a week. Plaintiff was not paid for such hours worked and as a result was time-shaved two (2) hours per week. Similarly, FLSA Collective Plaintiffs and Class members were also required to work after their shift ended.

(d) From the start of her employment until January 2019, Plaintiff BATISTA was compensated at a rate of thirteen ($13) dollars per hour, for all hours worked up to forty (40) hours per week and nineteen dollars and fifty cents ($19.50) for all hours worked over forty (40) hours per week. From January 2019 until on or about August 19, 2019, Plaintiff was compensated at a rate of fifteen ($15) dollars per hour, for all hours worked up to forty (40) hours per week and twenty two dollars and fifty cents ($22.50) per hour, for all hours worked over forty (40) hours per week.

31. Throughout their entire employments, Plaintiffs, FLSA Collective Plaintiffs and Class members were not properly compensated for all hours worked, due to Defendant's policy of time-shaving. Plaintiffs, FLSA Collective Plaintiffs, and Class were regularly required to work after clocking-out. Specifically, after Plaintiffs, FLSA Collective Plaintiffs and Class members were clocked out, the manager would instruct them to stay back and work. This would take at least one (1) hour per day, and it happened approximately two times per week. Defendant's policy resulted in Defendants' time-shaving two (2) hours per week for Plaintiffs, FLSA Collective Plaintiffs and Class members. This sum was never correctly reflected in employees' work hours as Plaintiffs, FLSA Collective Plaintiffs and Class members were

required to clock-out before performing this work. In addition, Defendants deducted thirty (30) minutes per workday for meal breaks from Plaintiffs, FLSA Collective Plaintiffs and Class members. At least twice a week, Defendants would require Plaintiffs, FLSA Collective Plaintiffs and Class members to work through their meal break but Defendants still deducted the thirty (30) minutes. This resulted in Plaintiffs, FLSA Collective Plaintiffs and Class members not being compensated for one (1) hour per week. As a result, Plaintiffs, FLSA Collective Plaintiffs and Class members suffered from a total of three (3) hours of time-shaving per workweek.

32. Defendants failed to provide Plaintiffs and Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

33. Plaintiffs and Class members received wage statements that were not in compliance with the NYLL. Plaintiffs received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

34. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

36. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

37. In or around August 2019, Plaintiff UMALA complained to her manager, Helen Payero, that Defendants were not properly compensating her for all the hours she worked due to Defendants' meal break policy and time-shaving policy. Plaintiff UMALA specifically

complained about not getting compensated for all the hours she worked due to Defendants' illegal policies and was fired the following day in retaliation.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, the Defendants engaged in a policy of time-shaving, including refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked.

44. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to

Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including those resulting from time-shaving, and an equal amount as liquidated damages.

49. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this Class and Collective Action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

52. At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiffs and Class members for all of their hours that they worked each week.

53. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

54. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

55. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

56. Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

57. Plaintiff UMALA realleges and reavers Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Defendants retaliated against Plaintiff UMALA after she complained to Defendants regarding their underpayment of compensation for all her hours worked due to Defendants' policy of time-shaving. Defendants then retaliated against Plaintiff UMALA by terminating her employment after she complained of Defendants' improper employment policies.

59. Defendants' actions constitute a violation of 29 U.S.C. § 215(a)(3).

60. Plaintiff UMALA suffered mental distress and her employment was compromised as a result of Defendants' retaliatory actions.

61. Due to Defendants' retaliation under the FLSA, Plaintiff UMALA is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

62. Plaintiff UMALA realleges and reavers Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Defendants retaliated against Plaintiff after she complained to Defendants regarding their underpayment of compensation for all her hours worked due to Defendants' policy of time-shaving. Defendants then retaliated against Plaintiff by terminating her employment after she complained of Defendants' improper employment policies.

64. Defendants' actions constitute a violation of NYLL § 215(1)(a)(i).

65. Plaintiff suffered mental distress and her employment was compromised as a result of Defendants' retaliatory actions.

66. Due to Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

g. An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' unlawful retaliation against Plaintiff UMALA under 29 U.S.C. § 215(a)(3) and NYLL § 215(1)(a)(i);

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to FRCP 23;

    k.   Designation of Plaintiffs as Representatives of the Class; and

    l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 4, 2020

                                    Respectfully submitted,
                                    By:   /s/ C.K. Lee
                                          C.K. Lee, Esq.

                                    LEE LITIGATION GROUP, PLLC
                                    C.K. Lee (CL 4086)
                                    Anne Seelig (AS 3976)
                                    148 West 24th Street, 8th Floor
                                    New York, NY 10011
                                    Tel.: 212-465-1188
                                    Fax: 212-465-1181
                                    *Attorneys for Plaintiffs,*
                                    *FLSA Collective Plaintiff and the Class*