UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARIA UMALA and ALICIA BATISTA, on behalf of
themselves and those similarly situated,

                    Plaintiffs,

                         -against-

SKYLIGHT HOLDINGS INC., SKYLIGHT
HOLDINGS 2 INC., SKYLIGHT HOLDINGS 4 INC.,
MET-SUNNYSIDE, INC., PEDRO GOICO, JUAN
PEREZ, and HONG SIK CHOI,

                       Defendants.
-----------------------------------------------------------------X

**REPORT &
RECOMMENDATION**
20-CV-1176-EK-SJB

**BULSARA, United States Magistrate Judge:**

Plaintiffs Maria Umala and Alicia Batista (collectively, "Plaintiffs"), commenced

this class and collective action seeking damages for violations of the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL") against the following

Defendants: Skylight Holdings Inc., doing business as Food Universe Marketplace;

Skylight Holdings 2 Inc., doing business as Key Food Marketplace; Skylight Holdings 4

Inc., doing business as Food Universe Marketplace; Met-Sunnyside, Inc., doing business

as Food Universe Marketplace; Pedro Goico; Juan Perez; and Hong Sik Choi

(collectively, "Defendants").  (Am. Compl. dated Aug. 19. 2020 ("Am. Compl."), Dkt. No.

15).

Attorney Seokchan Kwak filed a notice of appearance on behalf of Defendants

Met-Sunnyside, Inc. and Hong Sik Choi on September 10, 2020.  (Notice of Appearance

dated Sept. 10, 2020, Dkt. No. 26).  No other defendant has appeared.  On September

11, 2020, the Court directed Plaintiffs to seek any Certificate of Default from the Clerk of

Court by October 12, 2020, and to file any motion for default judgment within sixty days of an entry of default.  (Order dated Sept. 11, 2020).  The Clerk of Court entered a default against Defendants Pedro Goico, Juan Perez, Skylight Holdings 2 Inc., Skylight Holdings 4 Inc., and Skylight Holdings Inc. on October 16, 2020.  (Entry of Default dated Oct. 16, 2020, Dkt. No. 30).  Plaintiffs filed a motion for default judgment against the non-appearing defendants on December 18, 2020.  (Mot. for Default J. dated Dec. 18, 2020 ("Mot."), Dkt. No. 33).  The Honorable Judge Eric R. Komitee referred the motion to the undersigned for report and recommendation on December 21, 2020.  (Order dated Dec. 21, 2020).  Although the Court directed Plaintiff to file a motion for default judgment, at least two defendants continue to contest the allegations and are actively litigating.  To avoid prejudicing the litigating parties, the Court respectfully recommends that the motion for default judgment be denied without prejudice to renewal upon completion of the case against the litigating defendants.

In *Frow v. De La Vega*, decided in 1872, the Supreme Court explained that in a multi-defendant case where defendants are alleged to be *jointly* liable, entering a default judgment runs the risk of inconsistent judgments.  82 U.S. 552 (1872).  That is, there is a risk that the defaulting party is held liable, while the non-defaulting party that litigates is found not liable.  Such a result is inconsistent because joint liability requires all defendants to be liable for any one of them to be liable.  *Id.* at. 554 ("If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's

bill."). The proper course in such a situation is to postpone decision on the default judgment until the case against the litigating party concludes; if the litigating party loses, the default judgment can then be entered against the non-appearing party, and if the litigating party wins, the default judgment motion should be denied. *Id.* ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); *see also RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 414 (S.D.N.Y. 2009) ("More than 125 years ago, the Supreme Court held that when a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants[.]") (quotations omitted), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *Peralta v. Roros 940, Inc.*, No. 11-CV-6242, 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 6, 2016) (following *Frow*) ("[W]hen one defendant defaults in a multi-defendant case, the district court should not enter a final decree on the merits against the defaulting defendant alone[.]"); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2690 (4th ed. 2018) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

*Frow* applies to claims asserting that defendants are jointly liable. But what is *joint* liability? A claim is one for joint liability where "as a matter of law, no one defendant may be liable unless all defendants are liable, or . . . when the nature of the

3

relief demanded is such that, in order to be effective, it must be granted against each and every defendant." 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.36 (3d ed. 2018).  Said differently, "[j]oint or common liability arises when a tortious act is committed by several persons acting in concert." *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980).  Joint liability stands in contrast to independent liability—also referred to as several liability—where one defendant commits a tort "without the aid of other defendants." *Id.*  Where there is a claim premised on joint liability, it is impossible for one defendant to be liable unless all other defendants are also liable.  When one defendant defaults on a joint liability claim, entering the default judgment prematurely raises the specter of an inconsistent judgment.  Although the defaulting defendant is found liable, the other litigating defendant could subsequently be found not liable, even though the nature of the claim requires each and every defendant to be liable for any one of them to be liable.

The *Frow* rule—that in a multi-defendant case, a default judgment should not be entered until litigation has completed against all parties—does not apply simply because there are multiple defendants in the case.  In this Circuit, "at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976).

Joint liability is distinct from "joint and several liability."  What is *joint and several* liability?  "Joint" refers to—as defined above—liability imposed on several defendants acting together.  The "several" in "joint and several" liability refers to individual liability, a liability not dependent on the actions of others.  *In re Uranium Antitrust Litig.*, 617 F.2d at 1257.  A claim alleging "joint and several liability" is one where any defendant can be liable to the plaintiff in two ways: (1) regardless of whether

4

any other defendant is liable ("several" or individual liability) or (2) where the defendant

acted in concert with each and every defendant ("joint" liability).  When a claim alleges

joint and several liability and one defendant is found liable and other defendants are

not, the two judgments are not inconsistent.  That is because although the theory of

"joint" liability has failed, the theory of "several" liability permits one defendant to be

liable, even when the others are not.  *E.g., id.* ("When [joint and several] liability coexist

in a single claim, . . . [i]f all twenty-nine of the defendants [are] found culpable of price-

fixing, Westinghouse could seek to satisfy its judgment and damages award against all

the defendants, or single out one price-fixer.  But at the same time, only a small group of

the defendants might be found to have conspired to fix the price of uranium, and the

remaining defendants would be exonerated.  Such a finding of liability as to nine

defendants is not inconsistent with a finding of no liability as to the other twenty,

because liability is potentially 'several' as well as 'joint.'").

The present action is a FLSA case that alleges a theory of joint and several

liability, namely that each and every one of the Defendants was a joint employer of

Plaintiffs.  That is, Plaintiffs allege that because they worked at each of the various

corporate Defendants' locations interchangeably—even though they may have been

formally employed by one of the corporate Defendants—and each of the individual

Defendants managed one or more of the corporate Defendants, they are each jointly and

severally liable for unpaid wages.  A party is an "employer" under FLSA "in situations

where the individual has overall operational control of the corporation, possesses an

ownership interest in it, controls significant functions of the business, or determines the

employees' salaries and makes hiring decisions."  *Rodriguez v. Almighty Cleaning, Inc.*,

784 F.Supp.2d 114, 128 (E.D.N.Y. 2011) (quotations omitted).  And "an employee may

5

simultaneously have multiple 'employers' for the purposes of determining responsibility under the FLSA." *Toribio v. Abreu*, No. 18-CV-1827, 2018 WL 6363925, at *3 (E.D.N.Y. Nov. 15, 2018), *report and recommendation adopted*, 2018 WL 6335779 (Dec. 4, 2018). If the Defendants are deemed to be Plaintiffs' employers, they are exposed to joint and several liability. *See* 29 C.F.R. § 791.2(f) ("For each workweek that a person is a joint employer of an employee, that joint employer is jointly and severally liable with the employer and any other joint employers for compliance with all of the applicable provisions of the Act, including the overtime provisions, for all of the hours worked by the employee in that workweek."); *see, e.g., Perez v. Manna 2nd Ave. LLC*, No. 15-CV-4655, 2017 WL 780812, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he defendants jointly employed the employees and are jointly and severally liable under the FLSA for any damages award.").

Courts in this Circuit have routinely declined to apply *Frow* in cases asserting joint and several liability and proceeded to decide the default judgment motion while other parties are litigating. *See, e.g., Bleecker v. Zetian Sys., Inc.*, No. 12-CV-2151, 2013 WL 5951162, at *6–7 (S.D.N.Y. Nov. 1, 2013) (deciding both liability and damages as to one defaulting defendant). Nonetheless, even if *Frow* is inapplicable, it does not follow that the Court should now resolve the motion for default judgment in this case. The possibility of inconsistent damages calculations leads courts in FLSA cases to refrain from issuing interim decisions when not all parties have defaulted. *Gesualdi v. MMK Trucking, Inc.*, No. 09-CV-1484, 2010 WL 3619569, at *5 (E.D.N.Y. Aug. 24, 2010) ("The *Frow* holding has been narrowed to cases involving true joint liability. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with

6

inconsistent damage determinations.") (quotations omitted), *report and recommendation adopted*, 2010 WL 3619719 (Sept. 9, 2010); *see, e.g., Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565, 2016 WL 4179942, at *6 (E.D.N.Y. Aug. 5, 2016) (withholding the determination of damages on default judgment against non-appearing corporate defendants under FLSA and NYLL); *Palma-Castillo v. New Tacolandia Inc.*, No. 09-CV-10374, 2011 WL 7092652, at *2 (S.D.N.Y. May 9, 2011) (same).

There are reasons to avoid a decision on liability as well.  There is simply no reason at this stage of the case to determine liability.  A determination of liability against the defaulting Defendants does nothing for Defendants Met-Sunnyside, Inc. and Hong Sik Choi.  Without a damages calculation to accompany the liability determination, no final judgment could be entered in their favor, and there could be no enforceable judgment that Plaintiffs could attempt to collect.  It would only be a partial resolution of the pending motion.

Moreover, no discernable prejudice accrues to Plaintiffs, since resolving liability against the defaulting Defendants does not assist them in litigating the case against Defendants Met-Sunnyside, Inc. and Hong Sik Choi.  They would still have to prove that Defendants Met-Sunnyside, Inc. and Hong Sik Choi violated FLSA by failing to pay them full wages and overtime.  In other words, Plaintiffs would still have to prove that Defendants Met-Sunnyside, Inc. and Hong Sik Choi employed them and violated FLSA. The allegations in the Complaint that treat Defendants collectively may be accepted as true for purposes of default judgment, (*see, e.g.*, Am. Compl. ¶ 26 ("All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members

with proper wage statements with every payment of wages, and (iii) failing to properly

provide wage notices to Class members, at date of hiring and annually, per requirements

of the NYLL")), but they would not be assumed true for the purposes of litigation

between Plaintiffs and Defendants Met-Sunnyside, Inc. and Hong Sik Choi.  Any liability

determination on default is based solely on the complaint and made solely for the

purpose of calculating damages.  Such a liability determination has no collateral

estoppel or law of the case effect on the parties who are actually appearing.  *Associated*

*Int'l Ins. Co. v. Crawford*, 182 F.R.D. 623, 629 (D. Colo. 1998) ("[A] default judgment,

containing only the conclusions sought by plaintiff, exists, without any testing of those

conclusions by trial or argument. . . . No preclusive rule, whether it be collateral

estoppel, res judicata, or law of the case, is applicable[.]").  Plaintiffs still would have to

come forward with proof, *i.e.* something beyond the Complaint, that Defendants Met-

Sunnyside, Inc. and Hong Sik Choi violated FLSA.  As another court explained in a

RICO action where the plaintiff attempted to use the default judgment to short-circuit

the proof needed against the litigating parties, a liability determination made on default

has very limited utility:

> Maersk argues that the findings in the default judgments entered against
> the five Defaulting Defendants establish the existence of a RICO enterprise
> as the law of the case.  Maersk's reliance on the law of the case doctrine is
> misplaced: the law of the case doctrine only applies to issues that have
> actually been decided.  Here, the default judgments were entered against
> the Defaulting Defendants for failure to respond, and in no way constitute
> decisions on the merits of Maersk's claims.  And, while Magistrate Eaton
> properly accept[ed] as true all of the facts alleged . . . he did so merely for
> purposes of determining damages.  Thus, while entry of the default
> judgments may have presumptively established the sufficiency of Maersk's
> *pleadings*, it does not provide a basis for awarding Maersk summary
> judgment.

*Maersk, Inc. v. Neewra, Inc.*, 687 F.Supp.2d 300, 334 (S.D.N.Y. 2009) (citations and quotations omitted), *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011).

The Court believes the more prudent and efficient course is to avoid decision on the default judgment motion against the non-appearing Defendants. Doing so avoids the risk of inconsistent outcomes on the question of damages. And there is no advantage or purpose served on resolving only the liability portion of the motion for default judgment. The Court, therefore, respectfully recommends the motion for default judgment be denied without prejudice to renewal upon resolution of the case against Defendants Met-Sunnyside, Inc. and Hong Sik Choi.

There is a separate and independent basis to deny the motion for default judgment: Plaintiffs have failed to comply with Local Rule 55.2(c). Local Rule 55.2(c) requires,

> all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court.

Loc. Civ. R. 55.2(c). Local Rule 55.2 is strictly construed; failure to comply with its requirements is a basis to deny the motion for default judgment. *See United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (denying motion for default judgment because Plaintiff failed to follow Local Rule 55.2(c)) (collecting cases), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019). Plaintiffs did not file proof of mailing of this motion and its accompanying exhibits to the defaulting defendants on the Docket, as required by Local Rule 55.2(c). Therefore, the motion is also denied on this basis.

9

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

Plaintiff shall serve a copy of this Report and Recommendation on all non-appearing Defendants and file proof of such service on the record.

SO ORDERED.

*/s/ Sanket J. Bulsara* February 3, 2021

SANKET J. BULSARA

United States Magistrate Judge

Brooklyn, New York

10